UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

**TREMAYNE JAJUAN KELLY**          CIVIL ACTION NO. 6:20-CV-512

**VERSUS**                         JUDGE: _____

**RODI MARINE, LLC**               MAGISTRATE JUDGE: _____
**and ARENA, OFFSHORE, LP**

## ORIGINAL COMPLAINT

Plaintiff, **TREMAYNE JAJUAN KELLY**, a resident of and domiciled in the State of Louisiana, Parish of Lafayette, complaining of **ARENA OFFSHORE, LP**, a foreign limited partnership company doing business at all times material hereto within the State of Louisiana and having its principal business establishment in Louisiana specifically within the Western District of Louisiana, and **RODI MARINE, LLC**, a domestic limited liability company doing business at all times material hereto within the State of Louisiana and having its principal place of business specifically within the Western District of Louisiana respectfully represents that:

1.

This is an action for damages brought by Plaintiff, **TREMAYNE JAJUAN KELLY**, under the General Maritime Law of Negligence and the General Maritime Law of the shipowner's duty to maintain a seaworthy vessel.  Additionally, Plaintiff brings this claim pursuant to the Jones Act, alleging that he was injured while in the course and scope of his employment with defendant, **RODI MARINE, LLC,** as a Jones Act Seaman.  Alternatively and in the event that Plaintiff, **TREMAYNE JAJUAN KELLY**, is not found to be a Jones Act Seaman, then this matter is brought under 33

U.S.C.A. Sec. 905(b) of the Longshore and Harborworkers' Compensation Act.  Plaintiff hereby designates this suit as an admiralty or maritime claim within the provisions of the Federal Rules of Civil Procedure, Rule 9(h).  Plaintiff will show that on or about June 4, 2018, he received serious and disabling injuries in course and scope of his employment with **RODI MARINE, LLC**, while serving aboard a vessel (Vessel name: Mr. Lloyd) owned and operated by Defendant, **RODI MARINE, LLC**.  The complained of injuries that Plaintiff received were proximately caused by and resulted solely through the negligence of the Defendants, and Third Party Defendants, their masters, agents, servants, and employees because of their negligent acts and/or because of the unseaworthiness of the vessel, Mr. Lloyd.

## JURISDICTION

2.

Jurisdiction is founded upon Federal Question (28 U.S.C. sec. 1331) pursuant to the Longshore and Harborworkers' Compensation Act (33 U.S.C.A. sec. 905(b)), the Jones Act (46 U.S.C.A. sec. 30104), The General Maritime Law of Negligence, and the General Maritime Law of the shipowner's duty to maintain a seaworthy vessel.

## VENUE

3.

Plaintiff, **TREMAYNE JAJUAN KELLY**, is a person of the full age of majority, domiciled in the Parish of Lafayette, in the State of Louisiana.

4.

Defendant, **RODI MARINE, LLC**, is a domestic limited liability company doing business in the State of Louisiana, with its domicile address at 128 Tonbridge Drive, Lafayette, Louisiana

70508.  Upon information and belief, at all pertinent times, Defendant, **RODI MARINE, LLC**, was the Jones Act Employer of Plaintiff when he was injured and owner/operator of the vessel/rig (Mr. Lloyd).

5.

Defendant, **ARENA OFFSHORE, LP**, is a foreign limited partnership company doing business in the State of Louisiana, with its Louisiana principal business establishment address at 4021 Ambassador Caffery Pkwy #175, Lafayette, Louisiana 70503.  Upon information and belief, at all pertinent times, Defendant, **ARENA OFFSHORE, LP**, was the Third Party Employer of a currently unknown Hand/employee that was operating the crane used to transport passengers in the personal carrier basket that injured Plaintiff in this matter.

COMPLAINT

6.

On or about January 16, 2020, Plaintiff, **TREMAYNE JAJUAN KELLY**, was employed by Defendant, **RODI MARINE, LLC**, as a Rigger on board a vessel owned and/or operated by Defendant, **RODI MARINE, LLC**, which was in the process of loading passengers onto the personal carrier basket to be transported to the Eugene Island block 252, I platform. On the morning in question, Plaintiff was inside the personal basket obtaining the job safety analysis paperwork for the passengers to complete. Suddenly, and without warning, an unknown employee/crane operator of **ARENA OFFSHORE, LP,** picked up the personal basket causing Plaintiff to fall backwards and land on the midship. Plaintiff sustained severe injuries to his back as a result of this incident.

7.

The Defendants are liable unto the Plaintiff for the injuries and damages he sustained on or

about January 16, 2020, as a result of the negligent actions of the Defendants as set forth herein.

8.

The Plaintiff's injuries have in the past required and may in the future require, certain medicines, medical care, treatment, procedures and surgeries.  Because of the accident, Plaintiff has in the past been and may in the future be disabled from performing his usual duties, occupation or trade pursuits, causing a loss of wages and earnings capacity.

9.

Defendant, **RODI MARINE, LLC**, violated the Jones Act and because Plaintiff was injured while in service of the mission of the vessel, Defendant, **RODI MARINE, LLC**, is liable to Plaintiff to pay maintenance and cure until such a time that Plaintiff reaches maximum medical improvement, General Tort Damages, including general damages, medical expenses, and lost wages, and all other remedies afforded under the Jones Act.

10.

Defendant, **RODI MARINE, LLC**, violated the Jones Act in the following respects:

a. Failure to notice unreasonable risks of harm caused by the vessel in question;
b. Failure to notice unreasonable risks of harm cause by the vessel in question's appurtenances;
c. Failure to notice unreasonable risks of harm caused by the vessel in questions's crew;
d. Creation of and/or failure to eliminate hazardous or unsafe conditions;
e. Failure to correct or conduct maintenance on unreasonable risks of harm cause by the vessel and/or crew in question;
f. Failure to provide alternative means to accomplish the goal;
g. Failure to correct or conduct maintenance on unreasonable risks of harm caused by the vessel in question's appurtenances; and
h. Failure to properly supervise and/or train and educate Plaintiff and fellow employees.

11.

Defendant, **RODI MARINE, LLC**, has violated the General Maritime Law of negligence.

A proximate cause of the aforementioned accident and subsequent injuries to Plaintiff was the result of the following non-exclusive list of omissions and/or commissions on the part of Defendant, to-wit:

a. Failure to exercise reasonable care for the safety of all persons traversing the area at issue in this matter;
b. Failure to secure the vessel and provide a safe place to transport;
c. Failure to properly supervise or instruct personnel regarding warning measures during pre-transport operations;
d. Creation of and/or failure to eliminate hazardous or unsafe conditions;
e. Failure to observe unsafe conditions or defective designs;
f. Failure to rectify the dangerous/hazardous condition;
g. Failure to place any warnings-adequate or otherwise- in regard to the hazardous condition at issue;
h. Failure to provide alternative means to accomplish the goal;
i. Violating Occupational Health and Safety Administration (OSHA) and/or Coast Guard Regulations;
j. Failure to provide Plaintiff with a safe place to work;
k. Failure to train Plaintiff appropriately for the job/tasks for which he was asked to perform; and
l. Failure to do that which should have been done so as to avoid the accidents at question.

12.

Defendant, **RODI MARINE, LLC**, violated the General Maritime Law to maintain a seaworthy vessel. Plaintiff's injuries were proximately caused by Defendant's breach of its duty to maintain a seaworthy vessel in the following respects:

a. Failure to notice unreasonable risks of harm caused by the vessel in question;
b. Failure to notice unreasonable risks of harm caused by the vessel in questions's appurtenances;
c. Failure to notice unreasonable risks of harm caused by the vessel in questions' crew;
d. Creation of and/or failure to eliminate hazardous or unsafe conditions;
e. Failure to correct or conduct maintenance on unreasonable risks of harm caused by the vessel in question;
f. Failure to provide alternative means to accomplish the goal; and
g. Failure to correct or conduct maintenance on unreasonable risks of harm cause by the vessel in question's appurtenances and/or repair and/or maintenance practices.

13.

Defendant, **ARENA OFFSHORE, LP**, has violated the General Maritime Law of negligence. A proximate cause of the aforementioned accident and subsequent injuries to Plaintiff was the result of the following non-exclusive list of omissions and/or commissions on the part of Defendant, to-wit:

a. Failure to exercise reasonable care for the safety of all persons working in the area at issue in this matter;
b. Failure to properly supervise or instruct its employees;
c. Creation of and/or failure to eliminate hazardous or unsafe conditions;
d. Failure to observe/recognize unsafe conditions or defective designs;
e. Using unsafe equipment and inadequate personnel to do the job;
f. Failure to place any warnings-adequate or otherwise- in regard to the hazardous condition at issue;
g. Failure to properly train crane operators and personnel and/or implement safe work procedures;
h. Failure to properly communicate with the captain of the Mr. Lloyd vessel;
h. Violating Occupational Health and Safety Administration (OSHA) and/or Coast Guard Regulations;
i. Failure to take all precautions such as to avoid this accident;
j. Failure to train its employees appropriately for the job/tasks for which he was asked to perform; and
k. Failure to do that which should have been done so as to avoid the accidents at question.

14.

Because Defendant, **RODI MARINE, LLC**, and **ARENA OFFSHORE, LP**, violated the General Maritime law, they are liable to Plaintiff, **TREMAYNE JAJUAN KELLY**, *in solido*, for General Tort Damages, including but not limited to general damages, medical expenses, lost wages, and all other remedies afforded under the General Maritime Law.

15.

Defendants named herein have violated the Coast Guard and Occupational Safety and Health Administration (OSHA) rules and regulations so as to constitute negligence per se.

16.

Alternatively, Defendant, **RODI MARINE, LLC**, violated 33 U.S.C.A. sec. 905(b) of the Longshore and Harborworkers' Compensation Act. Plaintiff's injuries were proximately cause by the Defendant's negligence in the following respects:

a. Failure to notice unreasonable risks of harm caused by the crew of the vessel in question;
b. Failure to notice unreasonable risks of harm caused by the use of the vessel crew of the vessel' appurtenances;
c. Failure to notice unreasonable risks of harm caused by the vessel in question's crew;
d. Creation of and failure to eliminate hazardous or unsafe conditions;
e. Failure of defendant's employees to correct or conduct maintenance on unreasonable risks of harm caused by the vessel in question;
f. Failure to provide alternative means to accomplish the goal;
g. Failure to correct or conduct maintenance on unreasonable risks of harm caused by the vessel in question's appurtenances; and
h. Failure to correct or conduct maintenance on unreasonable risks of harm caused by the vessel in question's crew.

17.

As a result of the foregoing incident, Plaintiff has experienced severe pain and suffering, mental anguish and anxiety, residual physical and mental impairment and disability entitling him to damages for such an amount exceeding the jurisdictional minimum of $75,000 and reasonable as set by this Court.

18.

As a result of the aforementioned accident and subsequent injuries set forth herein, Plaintiff has in the past incurred medical expenses, including treatment for the injuries he sustained in this accident and anticipates more medical expenses in the future.

19.

At the time of the accident and injuries set forth herein, Plaintiff was gainfully employed as

a rigger with Defendant, **RODI MARINE, LLC**.  As a result of the accident, injuries and described disability herein, Plaintiff has suffered economic loss consisting of past, present and future loss of wages and loss of earnings capacity in a reasonable amount set by this Court.

**WHEREFORE, PLAINTIFF, TREMAYNE JAJUAN KELLY**, prays for judgment against said Defendant, condemning said Defendant to pay Plaintiff a sum set by this Honorable Court, together with interest and costs, and all other equitable relief.

**PLAINTIFF FURTHER PRAYS** for all legal interest from date of judicial demand until paid, all costs of these proceedings, all expert witness fees, all costs of medical reports, and all other just and equitable relief to which Plaintiff is entitled.

Respectfully Submitted:

**GALLOWAY JEFCOAT, L.L.P.**

/S/ Rusty Galloway

BY: **RUSTY GALLOWAY (T.C.) (24100)**
**Robert K. Doggett (37932)**
Post Office Box 61550
Lafayette, Louisiana  70596-1550
Telephone:   337/984-8020
Facsimile:    337/984-7011
rustyg@gallowayjefcoat.com
robertd@gallowayjefcoat.com
*Attorneys for Plaintiff, Tremayne Kelly*

**CERTIFICATE OF SERVICE**

Undersigned counsel certifies that a copy of the foregoing has been uploaded to the CM/ECF Filing System for the Western District of Louisiana on this 23 day of April, 2020.

/S/ Rusty Galloway
**RUSTY GALLOWAY**